IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **VICTOR GARCIA Individually and On Behalf of All Others Similarly Situated,** | § § § | |
| **Plaintiff,** | § § | **Civil Action No.** |
| v. | § § | **4:17-CV-02427** |
| **DIVINE HEALERS, INC. d/b/a HEALING HANDS HEALTHCARE Defendant.** | § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Victor Garcia ("Named Plaintiff") on behalf of himself and all others similarly situated ("Class Members") (Named Plaintiff and Class Members are collectively referred to as "Plaintiffs") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

### I. NATURE OF SUIT

1. The FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendant is violating the FLSA by failing to pay its employees, including the Named Plaintiff and Class Members, at one-and-one-half times their regular rates of pay for all hours worked in excess of forty hours within a workweek.

## II. PARTIES

3. Named Plaintiff Victor Garcia ("Garcia) is an individual who resides in the State of Texas. At all relevant times, Garica was an "employee" of Defendant as defined by the FLSA. At all relevant times, Defendant was Garcia's "employer" as defined by the FLSA. Garcia has consented to be a party-plaintiff to this action, as indicated in his consent form, which is attached hereto as "Exhibit A."

4. The Named Plaintiff and Class Members are Defendant's current and former Nurses who were not paid one and a half times their regular rate of pay for all hours worked, including for those work hours in excess of 40 in a week.

5. Divine Healers, Inc. is a Texas Corporation that is currently authorized to do business in Texas and that is doing business in Texas. Its principal office is located in Katy, Texas. Divine Healers, Inc. does business as Healing Hands Healthcare. Its registered agent for service of process is Afolake Ayodele, 24919 Ginger Ranch Drive, Katy, Texas77494. During all relevant times, it has done business in the Houston Division of the United States District Court for the Southern District of Texas.

## III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction in this matter because Plaintiffs assert claims arising under federal law. Specifically, Plaintiffs assert claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court, therefore, has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

7. Venue is proper in the Houston Division of the United States District Court for the Southern District of Texas because a substantial part of the events giving rise to the claim occurred in this

Division.  In addition, inasmuch as Defendant is subject to this Court's personal jurisdiction for purposes of this civil action, Defendant resides in this district and division.  Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV. COVERAGE UNDER THE FLSA

8. At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

9. At all times hereinafter mentioned, Defendant has been an "employer" in relation to the Plaintiffs within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Named Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V.  FACTUAL ALLEGATIONS

### A. Divine Healers, Inc. is a home health care provider.

13. Defendant is a home health care provider.  Defendant employs registered nurses ("RN") and licensed vocational nurses ("LVN") (together "Nurses") to provide health care for patients in their homes.  Defendant also employs Certified Nursing Aids ("CNA") and Providers to provide home care for individual patients in their own homes.

14. Defendant is a third-party employer, meaning it employs workers to care for individuals in the individual's own home.  The individual being cared for does not contract directly with the employee worker.

15. Defendant offers four primary areas of home health care services: Skilled Nursing, Therapy Services, Provider Services, and Pediatric Services.

16. Defendant's Skilled Nursing area provides Nurses to manage, observe, and evaluate individual's care in their home.  The Nurses provide varying types of medical services for the individual in their home, including wound care, physical therapy, and medication management.[1]

17. Defendant's Therapy Services area provides in-home physical therapy, occupational therapy, and speech therapy by licensed therapists.[2]  Defendant contracts this work out to outside providers.

18. Defendant's Provider Services area provides home care services—bathing and grooming, meal preparation, medication reminders, companionship care, and respite care, among other things—by Certified Nursing Aids ("CNA") and Providers.  The CNAs and Providers are employed by Defendant but work in the home of the individual to whom the CNA/Provider is providing

---

[1] http://healinghandscare.com/skilled-nursing-services/ (last viewed August 8, 2017).
[2] http://healinghandscare.com/therapy-services/ (last viewed August 8, 2017).

services.[3] CNAs and Providers perform largely the same work but CNAs can administer medicines while Providers cannot.

19. Defendant's Pediatric Services area provides specialty pediatric care in a home setting for children with special needs.[4] LVNs and RNs (collectively "Nurses") perform Pediatric Services tasks.

**B. Victor Garcia**

20. Named Plaintiff Garcia is an LVN. He worked for Defendant until early August, 2017.

21. Garcia started working for Defendant in approximately late 2015. From that time until August of 2017, Garcia worked overnight shifts in patients' homes in the Greater Houston area.

22. While working in the patients' homes, Garcia provided medical services to the patient consistent with his training as a LVN. For example, he took vital signs from patients, recorded blood sugar levels, and monitored various machines connected to the patient.

23. Beginning in approximately April, 2016, Garcia also started working for Defendant during the day for three eight-hour shifts per week. Garcia's daytime work generally consisted of two functions. First, Garcia reviewed the nursing notes from other of Defendant's Nurses to ensure that the notes complied with the State of Texas' requirements. This work took place at Defendant's principal office.

24. Reviewing the nursing notes did not include the exercise of discretion and independent judgment with respect to matters of significance.

25. Garcia's second daytime task was making skilled nursing home visits to Defendant's patients in the Greater Houston area. On average, Garcia spent about half of his time during the day making skilled nursing home visits.

---

3 http://healinghandscare.com/provider-services/ (last viewed August 8, 2017).
4 http://healinghandscare.com/pediatric-services/ (last viewed August 8, 2017).

**Plaintiff's Original Complaint**                                                         **Page 5**

26. Combined, Garcia spent roughly 80% of all of his work time providing medical care to patients.

27. Garcia's primary duty was not the performance of office or non-manual work directly related to the management or general business operations of the Defendant or Defendant's customers.

28. Garcia's primary duty is not the performance of work requiring "advanced knowledge," which means: (1) work which is predominantly intellectual in character and which includes work requiring the consistent exercise of discretion and judgment, (2) in a field of science or learning, and (3) customarily acquired by a prolonged course of specialized intellectual instruction.

29. Throughout his employment, Garcia has performed only non-exempt work.

30. For the entirety of his employment, Defendant paid Garcia on an hourly, and not on a salary, basis.

31. Garcia regularly worked in excess of forty hours per week. But Defendant did not pay Garcia one and a half times his regular rate of pay for hours in excess of forty hours in all workweeks.

C. **Defendant pays its non-exempt LVN, RNs, CNAs, and Providers on an hourly basis.**

32. Defendant's LVNs' primary duty is not the performance of work requiring "advanced knowledge," defined as (1) work which is predominantly intellectual in character and which includes work requiring the consistent exercise of discretion and judgment, (2) in a field of science or learning, and (3) customarily acquired by a prolonged course of specialized intellectual instruction.

33. Defendant pays its LVNs on an hourly, and not on a salary, basis.  Defendant does not pay its LVNs one and a half times their regular rate of pay for hours worked in excess of forty hours in all workweeks.

34. Defendant's RNs' primary duty is not the performance of work requiring "advanced knowledge," defined as (1) work which is predominantly intellectual in character and which includes work requiring the consistent exercise of discretion and judgment, (2) in a field of science or learning, and (3) customarily acquired by a prolonged course of specialized intellectual instruction.

35. Defendant pays its RNs on an hourly, and not on a salary, basis. Defendant does not pay its RNs one and a half times their regular rate of pay for hours worked in excess of forty hours in all workweeks.

36. Defendant's CNAs' primary duty is not the performance of work requiring "advanced knowledge," defined as (1) work which is predominantly intellectual in character and which includes work requiring the consistent exercise of discretion and judgment, (2) in a field of science or learning, and (3) customarily acquired by a prolonged course of specialized intellectual instruction.

37. Defendant pays its CNAs on an hourly, and not on a salary, basis. Defendant does not pay its CNAs one and a half times their regular rate of pay for hours worked in excess of forty hours in all workweeks.

38. Defendant's Providers' primary duty is not the performance of work requiring "advanced knowledge," defined as (1) work which is predominantly intellectual in character and which includes work requiring the consistent exercise of discretion and judgment, (2) in a field of science or learning, and (3) customarily acquired by a prolonged course of specialized intellectual instruction.

39. Defendant pays its Providers on an hourly, and not on a salary, basis. Defendant does not pays its Providers one and a half times their regular rate of pay for hours worked in excess of forty hours in all workweeks.

## VI. COLLECTIVE ACTION ALLEGATIONS

40. Named Plaintiff and the Class Members have performed, and are performing, the same or similar job duties as one another in that they all worked as RNs, LVNs, CNAs, and Providers for Defendant. Moreover, Named Plaintiff and Class Members worked in excess of forty (40) hours in a workweek. Further, Named Plaintiff and the Class Members were subjected to the same pay

provisions in that they were all paid an hourly wage, and Defendant failed to pay them at one and one-half times their regular rate of pay for all hours worked in excess of forty hours in a workweek. Thus, the Class Members are owed unpaid overtime for the same reasons as Named Plaintiff, without regard to their individualized circumstances.

41. Defendant's failure to compensate employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of not paying RNs, LVNs, CNAs, and Providers one and a half times their regular rate of pay for hours worked in excess of forty hours in week. This policy or practice is and has been, at all relevant times, applicable to the Named Plaintiff and all Class Members. Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Named Plaintiff also applies to all Class Members. Accordingly, the "Class Members" are properly defined as:

> **All current and former RNs, LVNs, CNAs, and Providers of Defendant whom Defendant paid an hourly wage, but whom Defendant did not compensate at the rate of one and one-half times their regular rate of pay for all hours that they worked in excess of forty in a workweek.**

## VII. CAUSES OF ACTION

### COUNT I
### FAILURE TO PAY WAGES IN
### ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

42. During the relevant period, Defendant has violated and is violating Section 7 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rates for

which they were employed.  Defendant acted willfully in failing to pay Named Plaintiff and the Class Members in accordance with applicable law.

43. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime compensation at a rate not less than one and one-half times the regular rate of pay at which its employees are employed are paid are applicable to the Named Plaintiff or Class Members.

## VIII. PRAYER FOR RELIEF

Plaintiffs pray for an expedited order certifying a class and directing notice to putative class members pursuant to 29 U.S.C. § 216(b) and, individually, and on behalf of any and all such class members, on trial of this cause, judgment against Defendant as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Named Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiff (and those who may join the suit);

    d.    For an Order awarding Named Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

    e.    For an Order awarding Named Plaintiff (and those who may join in the suit) attorneys' fees; and

    f.    For an Order awarding Named Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

    g.    For an Order awarding Named Plaintiff declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.; and

h.	For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,

By: _*/s/ Daniel A. Verrett*_
Edmond S. Moreland, Jr.
State Bar No. 24002644
S.D. Tex. No. 2373864
edmond@morelandlaw.com
Daniel A. Verrett
State Bar No. 24075220
S.D. Tex. No. 1146033
daniel@morelandlaw.com
MORELAND LAW FIRM, P.C.
13590 Ranch Road 12
Wimberley, Texas 78676
Telephone: (512) 782-0567
Telecopier: (512) 782-0605

**ATTORNEYS FOR PLAINTIFFS**