United States District Court
Southern District of Texas
**ENTERED**
December 21, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VICTOR GARCIA Individually and On Behalf of All Others Similarly Situated, § § | |
| Plaintiff, § § | |
| v. § § | CIVIL ACTION NO. H-17-2427 |
| DIVINE HEALERS, INC. d/b/a HEALING HANDS HEALTHCARE § § § § | |
| Defendant. § | |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge, upon referral from the District Judge, is Plaintiff's Motion for Partial Summary Judgment on Liability (Document No. 37). Having considered the Motion, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Plaintiff's Motion for Partial Summary Judgment be GRANTED.

I. Background

On August 17, 2017, Plaintiff Victor Garcia ("Garcia" or ""Plaintiff"), on behalf of himself and all others similarly situated registered nurses("RN"), licensed vocational nurses ("LVN"), Certified Nursing Assistants ("CNA"), and Providers ("Providers"), filed the instant collective action,[1] against defendant Divine Healers, Inc. ("Defendant" or "Divine Healers, Inc."), a home health care provider, alleging they were not paid overtime wages, at one and a half times their hourly rate, for the time they worked more than forty hours a week, in violation of the Fair Labor Standards

---

[1] The Court certified the instant action as a collective action under 29 U.S.C. § 216(b). (Document Nos. 18, 28).

Act, § ("FLSA"), 29 U.S.C. § 201, *et. seq.* Original Complaint (Document No. 1, p. 1-8). Plaintiff further alleges that Defendant acted willfully in failing to pay overtime wages in violation of the FLSA. (Document No. 1, p. 9). 1-8). Defendant, in its Answer, generally denies that it violated any provision of the FLSA and further denies that it acted willfully in failing to pay Plaintiff, RNs, LVNs, CNAs, or Providers, in accordance with the FLSA. (Document No. 7, p. 8). Plaintiff has moved for partial summary judgment on liability against Defendant. Plaintiff argues that he and the other similarly situated employees were paid only straight time for all hours, including overtime hours, worked, and that such a straight-time compensation structure is a *per se* violation of the overtime requirements under the FLSA. Defendant has not responded to Plaintiff's Motion.

II. Discussion

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The substantive law governing the claim at issue determines which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is genuine if the evidence presents an issue "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Id.* at 250. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003). The moving party bears the burden of identifying evidence that no genuine issue of material fact exists. *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986), and the court must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus.Co. v. Zenith Radio Corp.* 475 U.S. 574, 587 (1986). Where the nonmovant bears the burden of proof at trial, the movant need only

point to the absence of evidence supporting an essential element of the nonmovant's case; the movant does not have to support its motion with evidence negating the case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the movant succeeds, the nonmovant can defeat the motion for summary judgment only by identifying specific evidence of a genuine issue of material fact, *see Anderson*, 477 U.S. at 248-49, but that evidence need not be in a form that would be admissible at trial. *See Celotex*, 477 U.S. at 324.

The Magistrate Judge has considered the declaration of Victor Garcia attached to Plaintiff's Motion (Document No. 37, Exhibit A). The Declaration states in pertinent part:

> 2. I am a former employee of Divine Healers, Inc., which does business as Healing Hands Healthcare ("Healing Hands"). I worked for Healing Hands in the Greater Houston area from approximately late 2015 until early August 2017.
>
> 3. I am a licensed vocational nurse ("LVN").
>
> 4. For the entirety of my employment with Healing Hands, I worked overnight shifts in patients' homes, providing medical services to patients consistent with my training as an LVN. For example, I took vital signs from patients, recorded blood sugar levels, and monitored various machines connected to the patient.
>
> 5. From approximately April 2016 until early August 2017, I also performed work for Healing Hands during the day. This day time work consisted of two functions. First, I reviewed the nursing notes from other Healing Hands' LVNs and RNs to ensure that the notes complied with the State of Texas' requirements. My second daytime task was making skilled nursing home visits to Defendant's patients in the Greater Houston area. On average, I spent about half of my time during the day making skilled nursing home visits.
>
> 6. For the entirety of my employment, Healing Hands paid me on an hourly, and not on a salary, basis. I regularly worked in excess of forty hours per week. In fact, I worked seventy or more hours per week on a regular basis. But Healing Hands paid me the same hourly rate for all of my hours worked. Healing Hands did not [pay] me at one and one-half times my hourly rate of pay for any of the hours I worked in excess of 40 during a work week.
>
> 7. Healing Hands pays all its LVNs, RNs, CNAs, and Providers on an hourly, and

not a salary basis. Healing Hands pays all its LVNs, RNs, CNAs, and Providers the same hourly rate for all hours worked. Whenever an LVN, RN, CNA, or Providers worked in excess of 40 hours in a week, Healing Hands did not pay overtime compensation to LVNs, RNs, CNAs, or Providers at one and one-half times our hourly rates of pay for all hours we worked in excess of 40 during a work week.

The FLSA requires employers to pay time and a pay time and a half for each hour that an employee works in excess of 40 hours, 29 U.S.C. § 207(a), and creates a cause of action for employees against employers that violate these requirements. 29 U.S.C. § 216(b). "An employee bringing an action for unpaid overtime compensation must first demonstrate by a preponderance of the evidence: (1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014). If the plaintiff establishes a prima facie claim, the burden shifts to the defendant to establish that he is exempt from the FLSA's requirements, or otherwise come forward with evidence disproving the plaintiff's alleged damages. *Id.*

Here, upon this record, Plaintiff, on behalf of himself and all opt-in Plaintiffs, has proffered sufficient evidence to support their claim that Defendant committed a *per se* violation of the FLSA by paying a straight time hourly rate for all hours worked and not paying one and one-half times the regular rate of pay for hours worked over forty in a work week. As discussed above, Defendant has not responded to the motion. Under the Local Rule 7.4 of the Southern District of Texas, a motion is considered unopposed if the non-movant fails to respond. Because Defendant is unopposed to Plaintiff's Motion for Partial Summary Judgment on Liability, and has not submitted, or otherwise pointed to *any* evidence in the record, Plaintiff, on behalf of himself and all others similarly situated,

is entitled to summary judgment on liability. Plaintiff and all opt-in Plaintiffs have proffered sufficient uncontroverted summary judgment evidence to support the first three elements of their FLSA overtime claim, namely, the existence of an employer-employee relationship, that Defendant engaged in FLSA-covered activities, and that Defendant violated the FLSA overtime requirement. Plaintiff's sworn Declaration states that he previously worked for Defendant as a LVN. (Document No. 37, Exhibit A, ¶ 2-5). Defendant, by judicial admission, admits that it is a home health care provider, that it employs workers to care for individuals in the individuals' own homes, that it employed Plaintiff, and has been engaged in commerce and has had employees handling goods or materials that have been moved in commerce by any person, and has had annual gross revenues of at least $500,000. Answer, (Document No. 7, p. 1-2). The sworn Declaration indicates that Defendant paid Plaintiff and its LVNs, RNs, CNAs, and Providers only a straight time hourly rate for all hours worked and never paid the one and one-half times the regular rate of pay for hours worked over forty in a work week. (Document No. 37, Exhibit A, ¶ 6, 7). The uncontroverted evidence in the record supports summary judgment on liability.

III. Conclusion and Recommendation

The uncontroverted summary judgment evidence shows that Defendant violated FLSA's overtime-wage requirement by paying Plaintiff and its LVs, RNs, CNAs, and Providers only a straight time hourly rate for all hours worked and not paying one and one-half times the regular rate of pay for hours worked over forty in a work week. The Magistrate Judge therefore

RECOMMENDS that Plaintiff's Partial Motion for Summary Judgment on Liability (Document No.37) be GRANTED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented

parties of record. Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed.R.Civ.P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Ware v. King, 694 F.2d 89 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen-day period bars an aggrieved party from attacking conclusions of law on appeal. See Douglass v. United Serv. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Court Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 20th day of December, 2018

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE