# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **VICTOR GARCIA Individually and On Behalf of All Others Similarly Situated,** | § § § | |
| **Plaintiff,** | § § | |
| | § | **Civil Action No.** |
| **v.** | § § | **4:17-CV-02427** |
| **DIVINE HEALERS, INC. d/b/a HEALING HANDS HEALTHCARE, STEVEN AYODELE, and AFOLAKE AYODELE,** | § § § § § | |
| **Defendants.** | § § | |

## PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff files these Proposed Findings of Fact and Conclusions of Law:

**Proposed Conclusions of Law**

1. Under the FLSA, employers must pay to non-exempt employees overtime compensation equal to no less than one and one-half their regular rates of pay for all hours worked in excess of forty in a workweek. 29 U.S.C. § 207(a)(1).

2. The general statute of limitations for FLSA claims is two years. 29 U.S.C. § 255(a).

3. The statute of limitations for willful violations of the FLSA is three years. 29 U.S.C. § 255(a).

4. If the Defendants prove to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that they had reasonable grounds for believing that their act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the Court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed twice the amount of actual damages. 29 U.S.C.

1

§ 260. Defendants face a "substantial burden" of proving good faith and reasonableness. *E.g., Singer v. City of Waco, Tex.*, 324 F.3d 813, 823 (5th Cir. 2003) (citing *Bernad v. IBP, Inc. of Neb.*, 154 F.3d 259, 267 (5th Cir. 1998).

5. Violations under the FLSA are willful if the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by FLSA. *Reich v. Bay, Inc.*, 23 F.3d 110, 117 (5th Cir. 1994) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

6. "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

7. The FLSA's overtime guarantee cannot be waived. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) ("No one can doubt but that to allow waiver of statutory wages by agreement would nullify the purposes of the Act."); *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164 (5th Cir. 2015) ("FLSA claims (for unpaid overtime, in this case) cannot be waived.").

8. To determine whether an individual or entity is an employer, the Court considers whether the alleged employer: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012).

**Agreed Findings of Fact**

Divine Healers, Inc. employed the Plaintiffs and was subject to the FLSA.

1. Defendant Divine Healers, Inc. employed Victor Garcia, Monica Garcia, Garmai Kalaplee, Catherine Kleinhans, Solange Ngolindjoli, Shikira Williams, Rosaelia

Espinoza, Kila Wilson, and Christian Catalan ("Plaintiffs") during some time period between August 4, 2014 and the present.

2. From August 8, 2014 until the present, Defendant Divine Healers, Inc. has been required to comply with provisions of the FLSA regarding wage and overtime payment of Plaintiffs.

3. From August 8, 2014 until the present, Defendant Divine Healers, Inc. has been required to comply with United States Department of Labor regulations regarding wage and overtime payments to Plaintiffs.

4. From August 8, 2014 until the present, Plaintiffs were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce.

5. From August 8, 2014 until the present, Defendant Divine Healers, Inc. has been an "employer" in relation to the Plaintiffs, within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

6. From August 8, 2014 until the present, Defendant Divine Healers, Inc. has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

7. From August 8, 2014 until the present, Defendant Divine Healers, Inc. has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

8. From August 8, 2014 until the present, Defendant Divine Healers, Inc. has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level).

<u>Divine Healers, Inc. was aware of the requirements of the FLSA.</u>

9. From August 8, 2014 until the present, Defendant Divine Healers, Inc. has been familiar with provisions of the FLSA regarding wage and overtime payment of employees.

10. From August 8, 2014 until the present, Defendant Divine Healers, Inc. has been familiar with United States Department of Labor regulations regarding wage and overtime payment of employees.

<u>Plaintiffs worked more than forty hours in a least one workweek during the actionable time period and are entitled to unpaid overtime.</u>

11. From August 8, 2014 until the present, Plaintiffs were FLSA non-exempt employees.

12. From August 8, 2014 until the present, Plaintiffs were entitled to time and one-half their regular rates of pay for any hours worked in excess of forty in a workweek.

13. From August 8, 2014 until the present, Plaintiffs worked more than forty hours in at least one workweek.

14. From August 8, 2014 until the present, Plaintiffs were paid straight time for all of their hours worked, including those hours over forty in a workweek.

15. From August 8, 2014 until the present, Plaintiffs were not paid at a rate of one and one-half their regular rates of pay for all hours worked in excess of forty in a workweek.

16. Using the FLSA's two-year statute of limitations, Plaintiffs unpaid overtime amounts to:

| **Victor Garcia** | $19,650.00 |
| **Monica Garcia** | $2,712.00 |
| **Garmai Kalaplee** | $4,125.00 |
| **Catherine Kleinhans** | $0.00 |
| **Solange Ngolindjoli** | $643.75 |
| **Shikira Williams** | $748.00 |
| **Rosaelia Espinoza** | $2.13 |
| **Kila Wilson** | $0.00 |

| Christian Catalan | $11.69 |

17. If the FLSA's three-year statute of limitations applies, Plaintiffs unpaid overtime amounts to:

| | |
|---|---|
| **Victor Garcia** | $19,650.00 |
| **Monica Garcia** | $2,712.00 |
| **Garmai Kalaplee** | $7,875.00 |
| **Catherine Kleinhans** | $16.00 |
| **Solange Ngolindjoli** | $1,718.75 |
| **Shikira Williams** | $748.00 |
| **Rosaelia Espinoza** | $2.13 |
| **Kila Wilson** | $17.00 |
| **Christian Catalan** | $11.69 |

<u>Defendants Steven Ayodele and Afolake Ayodele were involved in the acts giving rise to Divine Healer, Inc.'s FLSA violation.</u>

18. Defendants Steven Ayodele and Afolake Ayodele participated in the decision-making regarding the classification and payment of wages to Plaintiffs.

19. Defendants Steven Ayodele and Afolake Ayodele are the sole owners of Divine Healers, Inc.

20. Defendant Steven Ayodele is the Chief Operating Officer of Divine Healers, Inc.

21. Defendant Afolake Ayodele is the Administrator and Director of Nursing of Divine Healers, Inc.

22. Defendants Steven Ayodele and Afolake Ayodele jointly manage the day to day operations of Divine Healers, Inc.

**Contested Findings of Fact**

<u>Defendants Steven Ayodele and Afolake Ayodele are individually and jointly liable along with Divine Healers, Inc. for violating the FLSA with regard to Plaintiffs.</u>

1. Defendants Steven Ayodele and Afolake Ayodele have signatory authority for Divine

5

Healers, Inc.'s bank accounts.

2. Defendants Steven Ayodele and Afolake Ayodele personally run payroll for Divine Healers, Inc., including for Plaintiffs since August 8, 2014.

3. In running payroll, Defendants Steven Ayodele and Afolake Ayodele saw how many hours were reported by Plaintiffs during the payroll cycle and determined during each payroll cycle not to pay its employees, including Plaintiffs, overtime for hours worked over forty during a workweek.

4. Defendant Steven Ayodele signed payroll checks to Plaintiffs.

5. Defendants Steven Ayodele and Afolake Ayodele hired consultants to create Divine Healer Inc.'s policies and procedures, including its employee handbook. Those policies and procedures applied to Plaintiffs.

6. Defendants Steven Ayodele and Afolake Ayodele had the power to hire and fire employees of Divine Healers, Inc., including Plaintiffs.

7. Defendants Steven Ayodele and Afolake Ayodele maintain or maintained employment records, including payroll records, for employees, including Plaintiffs, in their respective offices.

8. Defendant Afolake Ayodele supervised the work of Plaintiffs and evaluated the work performance of Plaintiffs.

9. Defendants Steven Ayodele and Afolake Ayodele determined the rate of pay for Plaintiffs.

10. Defendants attempted to contract with Plaintiffs to preemptively waive Plaintiff's FLSA overtime rights. These attempts were ineffective as a matter of law because they were not supervised or approved by the United States Secretary of Labor or a judicial forum.

11. Defendant Afolake Ayodele signed, on behalf of Divine Healers, Inc., a document where Divine Healers set the rate of pay for Plaintiffs Victor Garcia and Monica Garcia but advised both that neither would be paid any overtime.

12. Diana Vasquez, directly supervised by Defendant Afolake Ayodele, signed, on behalf of Divine Healers, Inc., a document where Divine Healers set the rate of pay for Plaintiffs Garmia Kalaplee and Solange Ngoundjoli but advised both that neither would be paid any overtime.

13. There was no agreement between Divine Healers, Inc. and either Catherine Kleinhans, Shikira Williams, Rosaelia Espinoza, Kila Wilson, or Christian Catalan where any agreed to waive their right to overtime compensation.

14. From August 8, 2014 until the present, Defendant Steven Ayodele has been an "employer" in relation to the Plaintiffs, within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. From August 8, 2014 until the present, Defendant Afolake Ayodele has been an "employer" in relation to the Plaintiffs, within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16. From August 8, 2014 until the present, Defendant Steven Ayodele and Defendant Divine Healers, Inc. jointly employed Plaintiffs.

17. From August 8, 2014 until the present, Defendant Afolake Ayodele and Defendant Divine Healers, Inc. jointly employed Plaintiffs.

Defendants willfully violated the FLSA with regards to Plaintiffs

18. Defendant Steven Ayodele made the decision for Divine Healers, Inc. to not pay any overtime compensation to Plaintiffs and did so solely based on his own judgment and experience.

19. Defendants knew Plaintiffs were working overtime during the actionable period.

20. Defendants accepted the overtime work performed by Plaintiffs without paying time and one-half Plaintiff's regular rate of pay for the hours worked over forty in a workweek.

21. Defendants never informed Plaintiffs to stop working overtime during the actionable period related to this case.

22. Defendants knew or showed reckless disregard for the matter of whether its failure to pay overtime was prohibited by FLSA.

23. Defendants' failure to pay overtime compensation to Plaintiffs constitutes a willful violation of the FLSA.

24. Plaintiffs' damages as a result of this willful violation are:

| **Victor Garcia** | $19,650.00 |
| **Monica Garcia** | $2,712.00 |
| **Garmai Kalaplee** | $7,875.00 |
| **Catherine Kleinhans** | $16.00 |
| **Solange Ngolindjoli** | $1,718.75 |
| **Shikira Williams** | $748.00 |
| **Rosaelia Espinoza** | $2.13 |
| **Kila Wilson** | $17.00 |
| **Christian Catalan** | $11.69 |

<u>Defendants did not meet their burden to show they violated FLSA with a good faith belief, and they did not have reasonable grounds for believing, that they did not need to pay overtime to Plaintiffs.</u>

25. Defendants have not met their burden of establishing they had a good faith belief that they were not violating the FLSA with regard to their failure to pay overtime to the Plaintiffs.

26. Defendants have not met their burden of establishing they had reasonable grounds for

believing they were not violating the FLSA with regard to their failure to pay overtime to the Plaintiffs.

27. Plaintiffs are awarded liquidated damages in addition to their unpaid wages in the following amounts:

| Victor Garcia | $19,650.00 |
| Monica Garcia | $2,712.00 |
| Garmai Kalaplee | $7,875.00 |
| Catherine Kleinhans | $16.00 |
| Solange Ngolindjoli | $1,718.75 |
| Shikira Williams | $748.00 |
| Rosaelia Espinoza | $2.13 |
| Kila Wilson | $17.00 |
| Christian Catalan | $11.69 |

<u>Plaintiffs are entitled to their costs and attorneys' fees.</u>

28. Because Plaintiffs have prevailed on their claims, they are entitled to their costs and attorneys' fees in connection with this matter.

Respectfully submitted,

By: _/s/ Daniel A. Verrett_
Edmond S. Moreland, Jr.
State Bar No. 24002644
S.D. Tex. No. 2373864
edmond@morelandlaw.com
Daniel A. Verrett
State Bar No. 24075220
S.D. Tex. No. 1146033
daniel@morelandlaw.com
MORELAND VERRETT, P.C.
700 West Summit Drive
Wimberley, Texas 78676
Telephone: (512) 782-0567
Telecopier: (512) 782-0605

**ATTORNEYS FOR PLAINTIFFS**

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 5th day of April, 2019, I served this document filed using the Court's CM/ECF system and shall be served on all counsel of record by virtue of the operation of the Court's CM/ECF system

/s/ *Daniel A. Verrett*
Daniel A. Verrett