IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VICTOR GARCIA Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. 4:17-CV-02427 |
| DIVINE HEALERS, INC. d/b/a HEALING HANDS HEALTHCARE, *et al.*, | § § § § § | |
| Defendants. | § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

After considering the evidence presented at trial, the arguments of counsel, and the applicable law, the Court makes the following findings of fact and conclusions of law. The following recitation of facts should be considered as findings of facts and recitation of the application of the law to the facts as conclusions of law.

### I. Introduction

This is a suit for unpaid overtime brought under the Fair Labor Standards Act ("FLSA"). Plaintiffs, who are home healthcare workers, have sued Divine Healers Inc ("Divine Healers") and its owners, Steven Ayodele and Afolake Ayodele (collectively "Defendants"). Defendants paid Plaintiffs straight time for all hours worked, meaning Defendants did not pay Plaintiffs time and one half for any hours worked over 40 hours per week. The Court previously granted summary judgment on liability against Divine Healers, finding that Divine Healers violated the FLSA with respect to Plaintiffs through this pay practice [Doc. No. 81].

The parties conceded that Divine Healers was an "employer" and each Plaintiff was an "employee" of Divine Healers as defined by the FLSA. The Court held a bench trial in order to decide four sets of remaining, disputed questions: (1) whether the individual Defendants, Steven

1

Ayodele and Afolake Ayodele, are employers and therefore liable for the FLSA violations; (2) whether Defendants' violation was willful; (3) the amount of damages in the form of unpaid overtime compensation due to each of Plaintiffs, which also includes the question as to whether liquidated damages are appropriate; and (4) the amount of Plaintiffs' costs, expenses, and attorneys' fees.

**II. Applicable Law**

1. Under the FLSA, employers must pay non-exempt employees overtime compensation equal to no less than one and one half their regular rates of pay for all hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a)(1).

2. "Under the FLSA, any employer who violates . . . the FLSA maximum hours statute, 29 U.S.C. § 207," is liable. *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 250 n.3 (5th Cir. 2012); *see also Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984) ("The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.").

3. The general statute of limitations for FLSA claims is two years. 29 U.S.C. § 255(a). This case was filed on August 8, 2017.

4. The statute of limitations for willful violations of the FLSA is three years. 29 U.S.C. § 255(a).

5. "The FLSA provides that liquidated damages be awarded for FLSA violations in an amount equal to the actual damages." *Dacar v. Saybolt, L.P.*, 914 F.3d 917, 931 (5th Cir. 2018) (citing 29 U.S.C. § 216(b)). "A district court may, 'in its sound discretion,' refuse to award liquidated damages if the employer demonstrates good faith and reasonable grounds for believing it was not in violation." *Id.* (citing 29 U.S.C. § 260). "Whereas the burden is on the

plaintiffs to show willfulness, [the defendant] bears the 'substantial burden' of proving the reasonableness of its conduct." *Id.*

6. "A willful violation occurs when the 'employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited.'" *Id.* at 926 (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

7. "Plaintiffs bear the burden of establishing a defendant's willfulness." *Id.*

8. An award of attorneys' fees to a prevailing plaintiff is mandatory. 29 U.S.C. § 216(b) ("The court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Owens v. Marstek, L.L.C.*, 548 F. App'x 966, 973 (5th Cir. 2013).

9. "The general rule establishes that FLSA claims . . . cannot be waived." *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164 (5th Cir. 2015).

10. The FLSA defines "Employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

11. "To determine whether an individual or entity is an employer, the court considers whether the alleged employer: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012) (internal quotation marks omitted).

### III. Findings of Fact and Conclusions of Law

1. Divine Healers employed Victor Garcia, Monica Garcia, Garmai Kalaplee, Catherine Kleinhans, Solange Ngolindjoli, Shikira Williams, Rosaelia Espinoza, Kila Wilson, and Christian Catalan ("Plaintiffs") during some time period between August 8, 2014, and the

present.

2. From August 8, 2014, until the present, Divine Healers has been required to comply with provisions of the FLSA regarding wage and overtime payment to Plaintiffs.

3. From August 8, 2014, until the present, Divine Healers has been required to comply with United States Department of Labor regulations regarding wage and overtime payments to Plaintiffs.

4. From August 8, 2014, until the present, Plaintiffs were individual "employees" (as defined in 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce.

5. From August 8, 2014, until the present, Divine Healers has been an "employer" in relation to Plaintiffs, within the meaning of 29 U.S.C. § 203(d).

6. From August 8, 2014, until the present, Divine Healers has been engaged in an "enterprise" within the meaning of 29 U.S.C. § 203(r).

7. From August 8, 2014, until the present, Divine Healers has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

8. From August 8, 2014, until the present, Divine Healers has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level).

9. From August 8, 2014, until the present, Divine Healers has been familiar with provisions of the FLSA regarding wage and overtime payment of employees.

10. From August 8, 2014, until the present, Divine Healers has been familiar with United States Department of Labor regulations regarding wage and overtime payment of employees.

11. From August 8, 2014, until the present, Plaintiffs were FLSA non-exempt employees.

12. From August 8, 2014, until the present, Plaintiffs were entitled to time and one half their regular rates of pay for any hours worked in excess of 40 in a workweek.

13. From August 8, 2014, until the present, Plaintiffs worked more than 40 hours in at least one workweek.

14. From August 8, 2014, until the present, all Plaintiffs were paid straight time for all of their hours worked, including those hours over 40 in a workweek.

15. From August 8, 2014, until the present, Plaintiffs were not paid at a rate of one and one half their regular rates of pay for all hours worked in excess of 40 in a workweek.

16. Using the FLSA's two-year statute of limitations, Plaintiffs' unpaid overtime amounts to:

| Victor Garcia | $19,650.00 |
| Monica Garcia | $2,712.00 |
| Garmai Kalaplee | $4,125.00 |
| Catherine Kleinhans | $0.00 |
| Solange Ngolindjoli | $643.75 |
| Shikira Williams | $748.00 |
| Rosaelia Espinoza | $2.13 |
| Kila Wilson | $0.00 |
| Christian Catalan | $11.69 |

17. Steven Ayodele and Afolake Ayodele participated in the decision-making regarding the classification and payment of wages to Plaintiffs.

18. Steven Ayodele and Afolake Ayodele are the sole owners of Divine Healers.

19. Steven Ayodele is the Chief Operating Officer of Divine Healers.

20. Afolake Ayodele is the Administrator and Director of Nursing of Divine Healers.

21. Steven Ayodele and Afolake Ayodele jointly manage the day-to-day operations of Divine Healers.

22. Steven Ayodele and Afolake Ayodele acted directly or indirectly in the interest of Divine Healers in relation to the employees of Divine Healers, including Plaintiffs.

23. Steven Ayodele (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

24. Afolake Ayodele (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

25. From August 8, 2014, until the present, Steven Ayodele and Afolake Ayodele were each an "employer" in relation to Plaintiffs, within the meaning of 29 U.S.C. § 203(d).

26. From August 8, 2014, until the present, Steven Ayodele and Afolake Ayodele had operational control over Divine Healers.

27. Steven Ayodele and Afolake Ayodele therefore are jointly and severally liable along with Divine Healers for FLSA violations.

28. Afolake Ayodele, on behalf of Divine Healers, and Victor Garcia signed a document in which Divine Healers set the rate of pay for Victor Garcia. Afolake Ayodele, on behalf of Divine Healers, and Monica Garcia signed a document in which Divine Healers set the rate of pay for Monica Garcia. Each document read in part:

### LVNs
\_\_\_\_LVN working only 40 hours per week will earn $22.00/$24 **(Vent case)** per hour, and there is no overtime available.

\_\_\_\_LVN, who desires to work overtime, will earn $16/$18 **(Vent case)** per hour for the first 40 hours, plus a time and a half (1.5) for every hour of overtime. **Employees must receive prior authorization for overtime.**

### RNs
\_\_\_\_RN working only 40 hours per week will earn $28/$30 **(vent case)** per

> hour, and there is no overtime available.
>
> ___RN, who desire to work overtime, will earn $26/$28 **(Vent case)** per hour for the first 40 hours, plus a time and a half (1.5) for every hour of overtime. **Employees must receive prior authorization for overtime.**

(Emphasis in the originals). There are handwritten changes to both documents. On the document signed by Victor Garcia, the "$22.00" in the first line quoted above is crossed out, and above the crossed out portion a handwritten note states: "$21/hr MDCP" followed by what appears to be Afolake Ayodele's partial signature. On the document signed by Monica Garcia, the "$22.00" in the first line quoted above is not crossed out, and slightly above the "$22.00" a handwritten note states: "MDCP ($21/hr)" followed by Afolake Ayodele's signature.

29. Diana Vazquez worked for Divine Healers as a human resources employee and/or office coordinator.

30. Diana Vazquez, on behalf of Divine Healers, and Garmai Kalaplee signed a document in which Divine Healers set the rate of pay for Kalaplee. The document read in part:

> **LVNs**
> ___LVN working only 40 hours per week will earn $22/$24 per hour, and there is no overtime available.
>
> ___LVN, who desires to work overtime, will earn $16/$18 per hour for the first 40 hours, plus a time and a half (1.5) for every hour of overtime. **Employees must receive prior authorization for overtime.**
>
> **RNs**
> ___RN working only 40 hours per week will earn $28/$30 per hour, and there is no overtime available.
>
> ___RN, who desire to work overtime, will earn $26/$28 per hour for the first 40 hours, plus a time and a half (1.5) for every hour of overtime. **Employees must receive prior authorization for overtime.**

(Emphasis in the original).

31. Diana Vazquez, on behalf of Divine Healers, and Solange Ngolindjoli signed a document in

7

which Divine Healers set the rate of pay for Ngolindjoli. The document read in part:

### LVNs
\_\_\_\_LVN working only 40 hours per week will earn $22.00/$24 **(Vent case)** per hour, and there is no overtime available.

\_\_\_\_LVN, who desires to work overtime, will earn $16/$18 **(Vent case)** per hour for the first 40 hours, plus a time and a half (1.5) for every hour of overtime. **Employees must receive prior authorization for overtime.**

### RNs
\_\_\_\_RN working only 40 hours per week will earn $28/$30 **(vent case)** per hour, and there is no overtime available.

\_\_\_\_RN, who desire to work overtime, will earn $26/$28 **(Vent case)** per hour for the first 40 hours, plus a time and a half (1.5) for every hour of overtime. **Employees must receive prior authorization for overtime.**

(Emphasis in the original).

32. While the agreements do not have any option checked or otherwise marked, the uncontroverted testimony at trial indicated that Plaintiffs who signed the agreements opted for the higher hourly wage.

33. Unbeknownst to Defendants at the time the agreements were signed, "[t]he general rule establishes that FLSA claims . . . cannot be waived." *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164 (5th Cir. 2015).

34. There were no such written agreements between Divine Healers and Catherine Kleinhans, Shikira Williams, Rosaelia Espinoza, Kila Wilson, or Christian Catalan.

35. Defendants knew certain Plaintiffs were working overtime during the actionable period.

36. Defendants accepted the overtime work performed by Plaintiffs without paying time and one half Plaintiffs' regular rate of pay for the hours worked over 40 in a workweek.

37. Defendants never told Plaintiffs to stop working overtime during the actionable period related to this case.

38. At some time before he began his employment with Divine Healers and while he was employed as the Chief Operating Officer of a different healthcare firm, Steven Ayodele spoke with an official from the United States Department of Labor who was investigating the firm. The Department of Labor official told Steven Ayodele that an employer must comply with the FLSA. The official told Steven Ayodele that in order to avoid similar problems in the future, an employer should have an agreement with its employees regarding what their ordinary rate of pay will be and what their overtime rate of pay will be.

39. Based on his prior conversation with the Department of Labor official, Steven Ayodele, while at Divine Healers, decided to create the pay schedules and associated agreements signed by Victor Garcia, Monica Garcia, Garmai Kalaplee, and Solange Ngolindjoli because he thought these agreements would eliminate any problems arising from the FLSA.

40. Defendants erroneously believed that they were in compliance with the FLSA and Department of Labor regulations.

41. Defendants did not know or show reckless disregard for the matter of whether their failure to pay overtime was prohibited by the FLSA.

42. Given the above facts, Plaintiffs have not proven that Defendants' failure to pay overtime compensation to Plaintiffs was a willful violation of the FLSA.

43. Defendants have met their substantial burden of establishing that they had a good faith belief that they were not violating the FLSA with regard to their failure to pay overtime to Plaintiffs.

44. Defendants have met their substantial burden of establishing that they had reasonable grounds for believing they were not violating the FLSA with regard to their failure to pay overtime to Plaintiffs.

45. Plaintiffs are not entitled to liquidated damages in addition to their unpaid wages.

46. Pursuant to the two-year statute of limitations, Plaintiffs' unpaid overtime amounts to:

| | |
|---|---|
| Victor Garcia | $19,650.00 |
| Monica Garcia | $2,712.00 |
| Garmai Kalaplee | $4,125.00 |
| Catherine Kleinhans | $0.00 |
| Solange Ngolindjoli | $643.75 |
| Shikira Williams | $748.00 |
| Rosaelia Espinoza | $2.13 |
| Kila Wilson | $0.00 |
| Christian Catalan | $11.69 |

47. Plaintiffs' reasonable attorneys' fees incurred in this case are $75,000.00, which represents a downward adjustment from the proof submitted by Plaintiffs, made due to in certain instances either duplicative or excessive charges.

48. Plaintiffs' court costs in this case are $2,574.36.

## IV. Conclusion

The Court finds that Steven Ayodele and Afolake Ayodele were "employers" for purposes of the FLSA who are jointly and severally liable along with Divine Healers for violations of the FLSA. Defendants did not willfully violate the FLSA, and the two-year statute of limitations therefore applies. For unpaid overtime compensation, the individual Plaintiffs are entitled to the following damages:

| | |
|---|---|
| Victor Garcia | $19,650.00 |
| Monica Garcia | $2,712.00 |
| Garmai Kalaplee | $4,125.00 |
| Catherine Kleinhans | $0.00 |
| Solange Ngolindjoli | $643.75 |
| Shikira Williams | $748.00 |
| Rosaelia Espinoza | $2.13 |

| Kila Wilson | $0.00 |
| Christian Catalan | $11.69 |

Defendants have met their substantial burden of demonstrating good faith and reasonable grounds for believing that they were not in violation of the FLSA, and the Court has accordingly exercised its discretion to refuse to award liquidated damages. Plaintiffs are entitled to reasonable attorneys' fees in the amount of $75,000.00. While Plaintiffs' counsel have provided this Court with evidence of greater fees, this Court has not awarded the entire amount given the relative simplicity of this case. The Court also awards court costs in the amount of $2,574.36. A separate judgment will be entered in conformance with this order.

Signed at Houston, Texas, on this 9th day of August, 2019.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE